# COMPOSITE EXHIBIT A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
- 21L0148
St. Clair County
2/16/2021 12:00 AM
12213469

**IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

MACKENZIE HISE f/k/a MACKENZIE BROWN, )
individually and on behalf of all others similarly )
situated, )
                                )
         Plaintiff, )    Case No. **21L0148**
v. )
                                )
ENHANCED RECOVERY COMPANY, LLC, )
                                )
Serve registered agent at: )    **DEMAND FOR JURY TRIAL**
Illinois Corporation Service Co. )
801 Adlai Stevenson Drive )
Springfield, Illinois 62703 )
                                )
         Defendant. )

**CLASS ACTION COMPLAINT**

Plaintiff MacKenzie Hise, formerly known as MacKenzie Brown, individually, and on behalf of all others similarly situated, by her undersigned counsel, and for her Class Action Complaint against Defendant Enhanced Recovery Company, LLC, states:

**Introduction, Parties, Jurisdiction and Venue**

1.    The primary purposes of the Fair Debt Collection Practices Act ("FDCPA") are to eliminate "abusive debt collection practices by debt collectors" and to "insure that those debt collectors who refrain from using abusive debt collection tactics are not competitively disadvantaged." 15 U.S.C. §1692(e).

2.    Enhanced Recovery Company, LLC, a debt collector, violated the FDCPA by engaging in two forms of prohibited conduct.

3.    First, Enhanced Recovery Company, LLC, systematically used deceptive practices to collect time-barred debts (i.e. debts that cannot be sued on because they are beyond the

applicable statute of limitations) from Plaintiff MacKenzie Hise and the putative class members. Specifically, Enhanced Recovery Company failed to disclose that the debts were not legally enforceable because they were time-barred and failed to disclose the effect of making a payment on a time-barred debt.

4. Second, Enhanced Recovery Company misled MacKenzie Hise and the putative class members that ERC was offering to settle their accounts, when, in reality, the "settlement" offered was merely a payment toward the entire balance alleged to be owed.

5. This case ultimately seeks to rectify Enhanced Recovery Company, LLC's misconduct, while leveling the playing field for debt collectors who actually follow the rules.

6. Plaintiff MacKenzie Hise, formerly known as MacKenzie Brown ("Hise" or "Plaintiff") is an individual who resides in St. Clair County, Illinois.

7. Defendant Enhanced Recovery Company, LLC ("ERC" or "Defendant") is a Delaware limited liability company that is registered with and in good standing with the Illinois Secretary of State.

8. ERC operates in the State of Illinois as a "Licensed Collection Agency,"

9. ERC's website describes its "Core Services" as including "Recovery & Collections."

10. ERC's website states that ERC provides "debt collection" services.

11. ERC's website states that ERC represents "a number of different creditors" including, but not limited to creditors in the "telecommunications" industry.

12. ERC's website states that ERC's "goal is to make the collections process as easy as possible for both the creditor and the consumer."

2

13. ERC's website states that the reason it contacts a consumer "is because [ERC has] received information that potentially links [the consumer] to a debt that we have been contracted to collect."

14. ERC's website states that ERC "is contracted by creditors and in some instances debt purchasers. ERC® does not own any of the debts in which we service and we are classified as a 'Debt Buyer.' If we are contacting you regarding a debt it is because we have been contracted to do so."

15. Venue is proper as the conduct alleged was committed in this District and because Plaintiff resides in this District.

16. Jurisdiction is proper in this Court under the FDCPA, 15 U.S.C. § 1692k(2)(d), because this Court is a court of competent jurisdiction to adjudicate actions brought under the FDCPA.

## Background

17. Hise received and reviewed a January 13, 2021 dunning letter sent to her by ERC. Exhibit 1, ERC Dunning Letter ("the Letter").

18. The Letter states that Hise owes a debt to "Sprint" in the amount of $565.70.

19. The Letter states that the letter is from a debt collector.

20. Hise previously held an account with Sprint when she lived in the State of Ohio.

21. Hise has never held an account with Sprint since living in the State of Illinois.

22. Hise has made no payments to Sprint in the last nine years.

23. On information and belief, the applicable statute of limitations in Ohio to the Sprint account referenced in the Letter is a maximum of eight years.

24.     The Letter did not state that ERC was time-barred from enforcing the debt under the applicable statute of limitation.

25.     The Letter did not state that suit could not be filed to enforce the debt.

26.     The Letter did not state that providing partial payment would revive ERC's extinguished right to collect the remaining balance.

27.     Unbeknownst to Hise, the Letter attempted to persuade Hise to make a partial payment to revive Sprint's ability to collect the remaining balance.

28.     The Letter states that ERC is "authorized to settle your account for less than the full original balance in the amount of $282.85."

29.     The Letter's offer to "settle" the account is not truly a settlement offer as ERC states that "upon completion of the settlement . . . all future collection efforts will cease, and the residual balance will remain with Sprint."

30.     The Letter does not state that by accepting the settlement offer that Hise would forfeit the protection of the applicable statute of limitation.

31.     On information and belief, Exhibit 1 is a form letter prepared and sent to consumers by ERC.

32.     On information and belief, a substantially similar version of Exhibit 1 was sent to the putative class members.

33.     ERC's failure to provide Hise and the putative class members that the debts were time-barred put Hise and the putative class members at risk of paying the time-barred debts and renewing the applicable statute of limitations.

4

34.     ERC's attempt to get Hise and the putative class members to pay a "settlement" amount put Hise and the class members at risk of paying the time-barred debts and renewing the applicable statute of limitations.

35.     ERC's assertion that it was offering Hise and the putative class members a "settlement" of the debts when in reality the debts would not be settled was an assertion made for the purpose of inducing Hise and the putative class members to pay the debts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. §1692 *et seq.*

36.     Hise incorporates all previous paragraphs as if fully stated in this Count.

37.     Hise seeks recovery individually, and on behalf a similarly situated class defined below.

38.     Hise and the putative class members are "consumers" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6), because they are natural persons and are alleged by ERC to owe a debt.

39.     This lawsuit concerns a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5), because ERC alleged Hise and the putative class members owed a sum of money arising out of transactions that were primarily for personal, family or household purposes.

40.     ERC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because it regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to other entities.

41.     ERC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because it uses interstate commerce or the mails for a business the principal purpose of which is the collection of debts.

42.     ERC's actions violate 15 U.S.C. § 1692e because ERC's actions set forth above

concerning its collection of time-barred debts and in asserting that ERC was offering to settle the debts constitutes a false, deceptive or misleading means to collect a debt.

43.      ERC's actions violate 15 U.S.C. § 1692e(2)(A) because ERC's actions set forth above concerning its collection of time-barred debts misrepresented the legal status of the debts.

44.      ERC's actions violate 15 U.S.C. § 1692e(10) because ERC's actions set forth above concerning its collection of time-barred debts and in asserting that ERC was offering to settle the debts constitute the use of a false representation and/or a deceptive means to collect or attempt to collect a debt.

45.      ERC's actions violate 15 U.S.C. § 1692f because ERC's actions set forth above concerning its collection of time-barred debts and in asserting that ERC was offering to settle the debts constitute an unfair and/or unconscionable means to collect a debt.

46.      Pursuant to Illinois Code of Civil Procedure 5/2-801 and 5/2-802(a), Hise seeks to represent two classes of persons defined as follows:

> Statute of Limitation Disclosure Class: All individuals in the United States from one year before the filing of this lawsuit until the date of class certification who received a collection letter from ERC and the subject debt had expired under the applicable statute of limitations.

> Settlement Letter Class: All individuals in the United States from one year before the filing of this lawsuit until the date of class certification to whom ERC sent a letter in which ERC made an offer of settlement and stated the residual balance would remain with the creditor.

47.      On information and belief, there are hundreds, if not thousands of putative class members, making joinder of all class members is impracticable.

48.      Hise's claims are typical of the claims of the putative class members.

49.      Common questions of law and fact apply to the class. These questions may include, but are not limited to:

a)    Whether ERC is a "debt collector" as defined by the FDCPA;

b)    Whether ERC's conduct as described in this Complaint is governed by the FDCPA;

c)    Whether ERC attempted to collect debts beyond the applicable statutes of limitation without disclosing to consumers that the statute of limitation had expired;

d)    Whether ERC communicated to consumers that it was making an offer of settlement while allowing the remaining balance to remain with the creditor;

e)    Whether ERC's actions violate the FDCPA;

f)    Whether ERC used false, deceptive, or misleading or misleading means to collect or attempt to collect debts from Hise and the putative class members; and,

g)    Whether ERC used unfair or unconscionable means to collect or attempt to collect debts from Hise and the putative class members.

50.    Hise will fairly and adequately represent the putative class members.

51.    Hise has retained counsel experienced in the prosecution of class actions, and Hise is committed to vigorously prosecuting the claims.

52.    Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

53.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

54.    Due to ERC's illegal conduct as described above, the putative class members are entitled to actual damages under the FDCPA, 15 U.S.C. § 1692k(a)(1). Specifically, the putative class members are entitled to all amounts paid to ERC after ERC sent them a letter that: a) failed to disclose that the applicable statute of limitation had run; or, b) made an offer of settlement but stated that the residual balance would remain with the creditor.

55.    Due to ERC's illegal conduct as described above, Hise is entitled to statutory damages of $1,000.00 under the FDCPA, 15 U.S.C. § 1692k(a)(2)(B)(i).

56.    Due to ERC's illegal conduct as described above, the putative class members are entitled to statutory damages under the FDCPA, 15 U.S.C. § 1692k(a)(2)(B)(ii).

57.    ERC's acts, as described above, were done intentionally with the purpose of coercing Hise and the putative class members to pay the alleged debts.

58.    Due to ERC's illegal conduct as described above, Plaintiff and the putative class members are entitled to costs and attorneys' fees under the FDCPA, 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff MacKenzie Hise, individually, and on behalf of all others similarly situated, requests that the Court enter a judgment against Enhanced Recovery Company, LLC, in excess of $50,000.00 and grant the following relief:

a)    enter an order pursuant to Illinois Code of Civil Procedure 5/2-801 and 5/2-802(a), certifying this action as a class action, and appointing MacKenzie Hise as class representative;

b)    enter an order appointing Butsch Roberts & Associates LLC as class counsel;

c)    enter judgment in favor of MacKenzie Hise, and the class for all damages available under the Fair Debt Collection Practices Act, including actual damages, statutory damages, attorneys' fees and costs incurred in bringing this action;

d)    enter an order or judgment declaring that ERC's conduct violates the FDCPA;

e)    award MacKenzie Hise and the class all expenses incurred in the litigation and require ERC to pay the costs and expenses of class notice and administration; and,

f)    award MacKenzie Hise and the class all taxable court costs, any applicable pre-judgment and post-judgment interest and any other relief that this Court deems just and proper.

Dated: February 15, 2021

**JURY TRIAL DEMANDED**

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
David T. Butsch #6205434IL
Christopher E. Roberts #6302857IL
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Counsel for MacKenzie Hise

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>St. Clair _____ COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | Mackenzie Hise f/k/a MacKenzie Brown | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Enhanced Recovery Company, LLC | 21L0148 |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

| In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** | **Information about the lawsuit:**<br>Amount claimed: $ 50,000+ |
|---|---|---|
| In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** | **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: Mackenzie Hise c/o Chris Roberts - Butsch Roberts & Associates<br>Street Address, Apt #: 231 S. Bemiston Avenue, Suite 260<br>City, State, ZIP: Clayton, Missouri 63105<br>Telephone: 314-863-5700<br>See attached for additional Plaintiff/Petitioner contact information |
| In 3, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** | **Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last)*: Enhanced Recovery Company, LLC<br>Street Address, Apt #: Illinois Corporation Service Co. - 801 Adlai Stevenson Drive<br>City, State, ZIP: Springfield, ~~Missouri~~ *Illinois* 62703<br>Telephone: Unknown  *Illinois*<br>See attached for additional Defendant/Respondent contact information |

| **Important Information for the person receiving this form:** | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp<br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*.<br>You should read all of the documents attached. |
|---|---|

SU-S 1503.1                           Page 1 of 4                           (09/18)

FEB 1 7 2021

Enter the Case Number given by the Circuit Clerk: 21L0148

<table>
<tr><td>In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response.</td><td>

**4.   Instructions for person receiving this form (Defendant/Respondent):**
To respond to this *Summons* you must:

☐  Go to court:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____ Court Room: _____
City, State, ZIP: _____

☐  File a written *Appearance* and *Answer/Response* with the court:
On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☑  File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address:   #10 Public Square
City, State, ZIP:   Belleville, Illinois 62220
</td></tr>
</table>

<table>
<tr><td>**STOP!**
The Circuit Clerk will fill in this section.</td><td>
Witness this Date: _____

Clerk of the Court: _____

*Nathalee L. Clerk*
2/17/2021
Angela Gladney
</td><td>*Seal of Court*</td></tr>
</table>

<table>
<tr><td>**STOP!**
The officer or process server will fill in the Date of Service.</td><td>
**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*
</td></tr>
</table>

<table>
<tr><td>**Plaintiff/Petitioner:**</td><td>To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent.  If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.</td></tr>
</table>

<table>
<tr><td>**Attention:**</td><td>E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office.</td></tr>
</table>

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| St. Clair_____ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Mackenzie Hise f/k/a MacKenzie Brown | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Enhanced Recovery Company, LLC | 21L0148 |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

> DO NOT complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
   Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____
   Height: _____   Weight: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   And left it with: _____
                          *First, Middle, Last*
   Male: ☐   Female: ☐   Approx. Age: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the
   above address on _____ , 20 _____

☐ On the Corporation's agent, _____
                                      *First, Middle, Last*
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 21L0148

| DO NOT complete this section. The sheriff, or private process server will complete it. | **By:** |
|---|---|

_____

*Signature*

_____

*Print Name*

**FEES**

| By certified/registered | $ _____ |
|---|---|
| Service and Return | $ _____ |
| Miles: _____ | $ _____ |
| Total   $ _____ | |

SU-S 1503.1                    Page 4 of 4                              (09/18)

**Print Form**                 **Save Form**                    **Reset Form**