## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| MACKENZIE HISE f/k/a MACKENZIE BROWN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 3:21-CV-317-SPM |
| ENHANCED RECOVERY COMPANY, LLC, | ) ) ) | |
| Defendant. | ) ) | |

### REPLY MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Defendant raises few arguments in opposition to certifying Plaintiff's proposed "Settlement Letter Class." Defendant's relative silence is not surprising as the "Settlement Letter Class" concerns Defendant's form letters and form conduct – two quintessential characteristics of class actions. The few arguments Defendant does raise have been expressly rejected by the Seventh Circuit Court of Appeals, multiple Illinois district courts and numerous federal courts across the country. Ultimately, Plaintiff readily satisfies each of the Rule 23 requirements to certify a class.[1] This Court should therefore certify the "Settlement Letter Class."

## I.      The Court should certify the "Settlement Letter Class."

Defendant does not dispute that Plaintiff's proposed "Settlement Letter Class" satisfies the Rule 23 requirements of adequacy, numerosity, and superiority. *See* Doc. 31, pp. 4-7, 12-13. Defendant only directly disputes that Plaintiff satisfies the Rule 23 requirements of commonality,

---

[1] Plaintiff no longer seeks to certify the "Statute of Limitations" class. Rather, Plaintiff seeks only to certify the "Settlement Letter Class" as this class is a quintessential class to certify.

typicality and predominance. *See id.* This brief therefore addresses only the Rule 23 requirements that Defendant disputes.

**A.      Plaintiff readily satisfies Rule 23's commonality and predominance requirements.**

Commonality is readily satisfied "where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Simpson v. Dart*, --F.Supp.3d--, 2022 WL 3154205, at *3 (N.D. Ill. Aug. 8, 2022) (internal citation omitted). Predominance simply "requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Ross*, 33 F.4th at 439 (quoting *Amgen Inc. v. Connecticut Ret. Plans and Trust Funds*, 568 U.S. 455, 459 (2013)). As set forth in Plaintiff's motion for class certification and below, the "Settlement Letter Class" readily satisfies the commonality and predominance requirements.

**1.      The determination of whether a class member's debt was incurred primarily for personal or business purposes is not a basis to defeat commonality and predominance.**

Defendant's opposition offers no substantive response to Plaintiff's argument in support of commonality and predominance. Instead, without citing or applying a single case, Defendant argues that commonality and predominance are not satisfied because determining "whether a person is a 'consumer' and whether the account at issue is a 'debt' under the Act requires an individualized inquiry into the particular nature of the account and the actual usage of the account by each putative class member." Doc. 31, p. 5. The reason for Defendant's failure to cite or apply a single case in support of this argument is not surprising. Illinois district courts have repeatedly rejected Defendant's claimed defense to class certification in FDCPA class actions.

2

The *In re CBC Cos., Inc. Collection Letter Litig.*, 181 F.R.D. 380, 384-85 (N.D. Ill. 1998) court rejected the precise argument Defendant attempts to advance here. In finding typicality and commonality were satisfied, the *CBC Companies* court held:

> [The FDCPA] does not apply to business debts. . . . [Defendant] argues the necessity of inquiring into each class member's debt to determine whether it is personal or business will predominate this litigation and destroys commonality. . . .
>
> Under [Defendant's] reasoning, it would be impossible to bring a FDCPA class action if there was a chance a possible class member used a credit card for a business purpose. . . . Such a finding would be contrary to the clear remedial goals of the FDCPA.
>
> The fact that some of the proposed class members may not ultimately meet the requirements to be part of the class does not defeat commonality.

*In re CBC Cos., Inc. Collection Letter Litig.*, 181 F.R.D. at 384-85. Defendant here, like the defendant in *CBC Companies*, also argues that the "Settlement Letter Class" cannot be satisfied because of the supposed difficulty in distinguishing between personal and business debts. This Court, consistent with the *CBC Companies* court, should reject Defendant's argument.

Multiple other Illinois district courts have also rejected Defendant's argument and certified FDCPA classes. *See Ocampo v. GC Servs. Ltd. P'ship*, No. 16-cv-9388, 2018 WL 6198464, at *3-4 (N.D. Ill. Nov. 28, 2018) ("even if it is not clear from the underlying contracts whether the . . . debt was a 'consumer debt' for purposes of the FDCPA, it would be possible to determine whether a . . . debt was a 'consumer debt' simply by asking [the class member] the primary purpose of their account"); *Wilkerson v. Bowman*, 200 F.R.D. 605, 610 (N.D. Ill. 2001) ("the process of determining whether the debts at issue are consumer debts should be relatively straightforward. . . . [I]f there is genuine confusion over this issue, class members can be asked single question to determine whether they are entitled to relief"); *Lang v. Winston & Winston, P.C.*, No. 00-C-5516,

3

2001 WL 641122, at *5 (N.D. Ill. June 4, 2001) ("The [question of whether a debt was primarily for personal or business purposes] . . . can be answered from defendant's records or those of the creditors for whom it works or from a simple set of interrogatories directed to each class member."); *Sledge v. Sands*, 182 F.R.D. 255, 258-59 (N.D. Ill. 1998) (same conclusion as the *CBC Companies* court); *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 357-58 (N.D. Ill. 1998) ("The need to show that the transactions involved in a particular case are consumer transactions is inherent in every FDCPA class action (*sic*). If that need alone precluded class certification, there would be no class actions under the FDCPA.").[2] Defendants failure to address the multitude of Illinois cases is telling.

Finally, Defendant's argument that it is impossible to determine whether the debts were consumer or business debts ignores the plain language of its form "settlement" letters. Defendant correctly notes the FDCPA does not apply to business debts. *See* Doc. 31, p. 5. Yet, Defendant's form "settlement" letters include FDCPA-required disclosures. *See* Doc. 26-2. For example, consistent with 15 U.S.C. § 1692e(11) of the FDCPA, the "settlement" letter states that "this is a debt collector attempting to collect a debt. Any information will be used for that purpose." *Id.* As another example, the letter includes the validation disclosures required by 15 U.S.C. § 1692g(4) of the FDCPA. *Id.* The fact that Defendant's form letters include FDCPA-mandated disclosures

---

[2] Multiple other federal district courts have rejected also rejected Defendant's claimed defense to class certification. *See DeNicolo v. Hertz Corp.*, No. 19-cv-00210, 2021 WL 1176534, at *3-5 (N.D. Cal. Mar. 29, 2021); *Viernes v. DNF Assocs., LLC,* No. 19-00316, 2020 WL 6938010, at *4 (D. Haw. Nov. 23, 2020); *Norton v. LVNV Funding, LLC*, 2020 WL 5910077, at *11 (N.D. Cal. Oct. 6, 2020); *Luther v. Convergent Outsourcing, Inc.*, No. 15-10902, 2016 WL 1698396, at *4 (E.D. Mich. Apr. 28, 2016); *Darrington v. Assessment Recovery of Wash., LLC*, No. C13-0286-JCC, 2013 WL 12107633, at *6 (W.D. Wash. Nov. 13, 2013); *Butto v. Collecto Inc.*, 290 F.R.D. 372, 382-83 (E.D.N.Y. 2013); *Gold v. Midland Credit Mgmt., Inc.*, 306 F.R.D. 623, 630 (N.D. Cal. 2014).

lends support to the fact that Defendant was collecting "consumer" debts. *See Wilkerson v. Bowman*, 200 F.R.D. 605, 610 (N.D. Ill. 2001) (noting that a collection letter appeared to have been targeted to "consumer debtors" because the letter included "disclosures explicitly required" by the FDCPA).

Simply put, the Court should reject Defendant's arguments because whether a debt is incurred primarily for personal or personal purposes is not a basis to defeat class certification.

> **2.    An "individualized inquiry" is not necessary to determine the class members' actual damages. However, even if such an inquiry were necessary, this is not basis to defeat predominance.**

The law is clear that any purported "need for individualized damages determinations does not, by itself, defeat [predominance]." *Healey v. Int'l Bhd. Of Elec. Workers, Local Union No. 134*, 296 F.R.D. 587, 594 (N.D. Ill. 2013) (also noting that "Courts in every circuit have therefore uniformly held that the 23(b)(3) predominance requirement is satisfied despite the need to make individualized damage determinations" *quoting* NEWBERG ON CLASS ACTIONS § 4.54 (5th ed. 2013)). Yet, Defendant ignores this fundamental principle and argues that predominance is also not satisfied because the class members' damages can only be determined through "individualized inquiries." Doc. 31, p. 7.

Notwithstanding Defendant ignoring this basic principle, determining actual damages is not nearly as difficult as Defendant leads this Court to believe. As noted in Plaintiff's motion for class certification, Defendant maintains records of the dates and amounts of payments Defendant received after the "settlement" letters were sent. Doc. 26, p. 12. Defendant correctly notes that "only losses flowing from an FDCPA violation are recoverable as actual damages." Doc. 31, p. 6 (*quoting Thomas v. Law Firm of Simpson & Cybak*, 244 Fed. App'x 741, 743 (7th Cir. 2007)). Here, such damages logically flow from Defendant's violation as the payments were made after

the "settlement" letters were sent. Moreover, to the extent the Court believes further inquiry would be needed, this inquiry can be answered simply by asking the class members a basic question. *See Wilkerson v. Bowman*, 200 F.R.D. 605, 610 (N.D. Ill. 2001) (" . . . class members can be asked single question to determine whether they are entitled to relief"); *Lang v. Winston & Winston, P.C.*, No. 00-C-5516, 2001 WL 641122, at *5 (N.D. Ill. June 4, 2001) (noting that information needed from class members could be obtained "from a simple set of interrogatories directed to each class member."). Simply put, any "individualized inquiry" regarding damages is not a basis to defeat predominance, and, even if it were, such inquiries can be easily addressed by the Court.

**B.    Plaintiff's claims are typical of the "Settlement Letter Class" she seeks to represent.**

A "claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [the plaintiff's] claims are based on the same legal theory. *Simpson v. Dart*, --F.Supp.3d--, 2022 WL 3154205, at * 3 (*quoting McFields v. Dart*, 982 F.3d 511, 517 (7th Cir. 2020)). As set forth in Plaintiff's motion for class certification and below, the "Settlement Letter Class" readily satisfies Rule 23's typicality requirement.

Defendant again offers no substantive response to Plaintiff's argument. Again, without citing or applying a single case, Defendant erroneously argues that Plaintiff does not satisfy typicality because, while she seeks actual damages for the class members, Plaintiff herself "did not pay any amounts to ERC after ERC sent the . . . template 'settlement' letters." Doc. 31, p. 13. Defendant's failure to cite or apply any applicable cases is not surprising. The Seventh Circuit and Illinois district courts have repeatedly rejected Defendant's claimed defense to class certification. *See Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998); *Pierre v. Midland Credit Mgmt., Inc.*, No. 16-

C-2895, 2017 WL 1427070 (N.D. Ill. Apr. 21, 2017); *Jones v. Risk Mgmt. Alternatives, Inc.*, No. 02-C-9392, 2003 WL 21654365 (N.D. Ill. July 11, 2003). All three cases are instructive here.

The plaintiff in *Keele* brought a class action under the FDCPA. *Keele*, 149 F.3d at 591-92. The plaintiff alleged the defendant's collection letters violated the FDCPA in seeking to collect improper charges. *Id.* at 592. Like Plaintiff here, the plaintiff in *Keele* sought to recover actual and statutory damages under the FDCPA. *Id.* The defendants in *Keele*, as Defendant argues here, argued that the plaintiff did not satisfy the Rule 23 typicality requirement because she did not pay any money to the debt collector. *Id.* The *Keele* court rejected defendant's arguments and affirmed the district court's order granting class certification, holding:

> The defendants' argument on appeal is really quite simple. They contend that, insofar as [plaintiff] admits she did not pay [money to the debt collector], her injuries differ from . . . those sustained by [those who paid money]. . . .
>
> The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages. In other words, the Act is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not. **So long as [plaintiff's] and the class members' injuries arose out of the same violative conduct, [plaintiff] may properly represent [those who paid money].** . . .
>
> Whether [plaintiff's] claims are typical of those of the class members she represents is closely related to the commonality inquiry. A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory. **[Plaintiff's] claims fall within this definition. By mailing the form letters seeking the [improper charges], the [defendants] engaged in the same course of conduct toward [plaintiff] and the members of [the] classes . . . . We are confident that [plaintiff] has met Rule 23's typicality requirement.**

*Id.* at 593, 595 (emphasis added and internal quotations and citations omitted). Just as the plaintiff in *Keele* could represent class members with actual damages under the FDCPA, plaintiff can do the same here.

*Pierre* is also instructive. The defendant in *Pierre*, like defendant here, argued that typicality was not satisfied in an FDCPA class action because "despite representing a class of individuals seeking actual damages, [plaintiff] did not make any payments to [defendant] and testified during her deposition that she was not seeking actual damages." *Pierre*, 2017 WL 1427070 at *7. The *Pierre* court rejected the defendant's argument, holding:

> [T]ypicality does not require *identical* claims, and factual variations among class members' do not defeat a class action. That a debt collection letter is unsuccessful in extracting payment from the named plaintiff is largely irrelevant. . . .
>
> [Plaintiff's] claims are typical because they arose from the same practice or course of conduct underlying the claims of other class members – namely, [defendant's] mass mailing of standardized letters . . . . To the extent there are factual distinctions between [plaintiff's] claim and those of the putative class members, the similarity of the legal theory between them controls.

*Id.* at *7-8 (emphasis in original and internal citations and quotations omitted). Just as the plaintiff who did not make a payment to the debt collector in *Pierre* could represent persons who did make payments, Plaintiff can represent said persons in this case.

Last, the *Jones* case directly applies to this case. The plaintiff in *Jones* brought an FDCPA class action concerning a defendant's deceptive settlement letters. *Jones*, 2003 WL 21654365 at *1. The defendant in *Jones* argued that typicality was not satisfied because the plaintiff sought to represent persons who made payments in response to the defendant's settlement letters and plaintiff made no payment. *Id.* at *3. The *Jones* court rejected defendant's argument and found typicality was satisfied:

> Unfortunately for the defendant, however, the proposed class members' acceptance or rejection of the offers is irrelevant. Rather, the class definition proposed by the plaintiff concerns the allegedly false and misleading nature of the defendant's collection letters. . . . [I]t is the defendant's allegedly misleading statements in form collection letters, and not the plaintiff's response to these letters that comprise the essential characteristics of [plaintiff's] claim. We therefore find that the plaintiff's proposed class definition fulfills the typicality requirements of Rule 23(a)(3).

8

*Id.* (internal citations omitted).

As in *Jones*, Plaintiff here also satisfies typicality. Like the plaintiff in *Jones*, Plaintiff here did not pay Defendant money in response to Defendant's "settlement" collection letter. Plaintiff, like the plaintiff in *Jones*, also seeks to represent persons who paid Defendant in response to the "settlement" collection letters. Consistent with *Jones*, "the proposed class members' acceptance or rejection of the offers is irrelevant" and typicality is also readily satisfied in this case.

## II.     Conclusion

The "Settlement Letter Class" is a quintessential class to certify. The class members' claims are all based on the same conduct of Defendant and the claims are based on the same evidence. All of the requirements necessary to certify the "Settlement Letter Class" under Rule 23 are readily satisfied. Defendant neither cites nor applies any cases establishing otherwise. For the reasons stated above and in Plaintiff's motion for class certification, this Court should therefore the "Settlement Letter Class."

**BUTSCH ROBERTS & ASSOCIATES LLC**

By:  /s/ Christopher E. Roberts
     David T. Butsch #06205434
     Christopher E. Roberts #6302857
     231 S. Bemiston Ave., Suite 260
     Clayton, MO 63105
     Tel: (314) 863-5711
     butsch@butschroberts.com
     roberts@butschroberts.com

     Attorneys for Plaintiff

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2022, a copy of the foregoing was submitted electronically via the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher E. Roberts

10